UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ENFINITY CENTRAL VAL 2 PARLIER LLC,

    Plaintiff,

    v.

CITY OF PARLIER,

    Defendant.

No. 2:19-cv-01607-MCE-KJN

**MEMORANDUM AND ORDER**

In instituting the present lawsuit, Plaintiff Enfinity Central Val Parlier LLC ("Enfinity") seeks damages stemming from the alleged failure of Defendant City of Parlier ("Parlier") to make payments for electricity generated by a solar power system installed by Enfinity for Parlier. Enfinity's Complaint (ECF No. 1) was filed on August 19, 2019 and two days later Enfinity filed an Ex Parte Application for Temporary Restraining Order ("TRO"). ECF No. 7. That TRO is presently before the Court for adjudication. Having reviewed the papers submitted in support of the TRO, and for the reasons set forth below, Enfinity's TRO request is DENIED.

////

////

1

**BACKGROUND**

According to Enfinity's Complaint, its predecessor in interest, Enfinity America Corporation, entered into a Solar Energy Services Agreement and Easement ("Agreement") with Parlier dated October 6, 2010. Under the terms of that Agreement, in exchange for installation of an electricity grid-connected photovoltaic solar power plant with a specified total generating capacity, Parlier agreed to buy the total energy output of the solar facility. Parlier apparently continued to pay those charges through October of 2018, but since that time has failed to do so, allegedly on grounds that the facility is not producing the electrical output it claims.

In addition to specifying Parlier's obligation to pay for electricity generated by the solar plant, the Agreement provides an easement under the terms of which "Customer [Parlier] also hereby grants Service Provider [Enfinity] an easement on, over and across the Site(s) and all Permitted Areas (the "Access Easement") as necessary to install, operate, maintain, improve and repair the Solar Facility[s]". (Pl.'s Compl., Ex A, Art. 3.1. Plaintiff alleges that on August 14, 2019, when its agents sought to inspect the solar facility for safety issues as envisioned by the easement, those individuals were not permitted to do so and were instructed to leave the property. The present TRO request is premised on that refusal, with Enfinity claiming that Parlier's refusal to grant access risks not only the solar facility itself, but also "the lives and the environment of the surrounding community." Decl. of Dylan Sontag, ECF No. 7-2, ¶ 9. According to Mr. Sontag, the Director of Asset Operations and Performance Engineering for Silicon Ranch Corporation, the company who bought all membership interests in Enfinity and currently serves as Enfinity's Manager, the maintenance schedule for the facility requires inspection "to ensure none of the fast-growing grasses in the area reach a dangerous height." Id. at ¶ 10. Sontag claims that with each increment of growth the risk of fire as a result of loose wire connections or damaged wires increases exponentially. Id. He further points out that California has recently seen a "staggering increase in devastating

fires caused by electrical equipment encountering unmaintained vegetation." Id. at ¶ 12. Enfinity therefore contends that an ex parte TRO is needed to enjoin Parlier from continuing to interfere with Enfinity's inspection and maintenance of the facility as it deems necessary.

**STANDARD**

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). In general, the showing required for a temporary restraining order and a preliminary injunction are the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th

Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the Plaintiffs demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiffs' favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

In order to qualify for injunctive relief under either variant, Plaintiff must, at minimum, demonstrate a "fair chance of success" that his claims will ultimately prevail on their merits. *See, e.g.*, Johnson v. Calif. State Bd. Of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995). This means that Plaintiff must demonstrate some likelihood of obtaining a favorable result in his case in chief. Original Appalachian Artworks v. Topps Chewing Gum, 642 F.Supp. 1031, 1034 (N.D. Ga. 1986); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1005, fn. 3 (9th Cir. 2001). In addition, Plaintiff must also demonstrate a significant threat of irreparable injury. Simula, Inc. Autoliv, Inc., 175 F.3d 716, 725 (9th Cir. 1999).

**ANALYSIS**

As stated above, Enfinity's stated objective in seeking the emergency injunctive relief of a TRO is to obtain a preliminary finding that Parlier's August 14, 2019 refusal to permit inspection of the solar facility at issue poses a threat of irreparable injury. Given the extraordinary remedy entailed by the injunctive relief Enfinity seeks, however, it has the burden of establishing the propriety of that relief through clear and convincing evidence. Kinman v. Wells Fargo Bank, N.A., 2012 WL 6096984 at *1 (E.D. Cal. Dec. 7, 2012), citing Mazurek, 520 U.S. at 972. For purposes of a TRO, that burden includes not only irreparable injury but also a showing that said injury is imminent in nature.

4

Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d at 674.  After careful review of the papers and evidence submitted to date, the Court concludes that Enfinity has not made that showing.

Enfinity has submitted evidence that its agents visually inspected the solar facility and its site on some four occasions between April and August of 2019.  Sontag Decl., ¶ 7.  It appears the most recent visit occurred on August 14, 2019, less than ten days ago.  At that point, Enfinity's agents allegedly both observed the solar equipment and told a Parlier employee that they "would return in a few weeks to replace or repair some of the equipment."  See August 16, 2019 letter from Neal Costanzo to Bao M. Vu, Ex. BB to the Vu Decl., ECF No. 7-4, p. 8.  Despite that apparent opportunity to both observe the equipment and the area around it, Enfinity has offered no concrete evidence that any imminent threat was present, either with regard to the equipment or the condition of any surrounding vegetation.   Enfinity has not even refuted the City's position that its personnel stated at the time of the August 14, 2019 visit that they would simply return "in a few weeks" to make some needed repairs.  The need to return in a "few weeks" time does not point to the "imminent threat" needed to justify a TRO, let alone one being sought on an ex parte basis.[1]  Instead, all Enfinity has presented at this point is speculation that the equipment may need urgent repair, and that vegetation might be overgrown, with no supporting facts whatsoever.  That unsubstantiated speculation does not satisfy Enfinity's burden of showing imminent irreparable harm, let alone the probability of success on the merits.  Enfinity's TRO request therefore fails.

////

////

////

////

---

[1] While Enfinity also argues that Parlier may have had "non-authorized individuals out at the Solar Facility to inspect it", again no evidence has been presented that this poses any imminent threat of irreparable harm, besides surmising that such individuals may not be trained or familiar with the Facility's specific equipment, and thus "may be unaware of possible risks associated with it".  See Pl.'s Mot, ECF No. 7-1, 16:3-6.  Again, this is sheer speculation and does not meet Enfinity's burden.

**CONCLUSION**

Based on the foregoing, Enfinity's Ex Parte Motion for a Temporary Restraining Order (ECF No. 7) is DENIED.[2] Enfinity may file a regularly noticed Motion for Preliminary Injunction should it choose to do so.

IT IS SO ORDERED.

Dated: August 23, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court has concluded that oral argument was not of material assistance in deciding this Motion, it decides the matter on the briefing in accordance with Eastern District Local Rule 230(g).