# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENFINITY CENTRAL VAL 2 PARLIER LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF PARLIER,<br><br>        Defendant. | No. 2:19-cv-01607-MCE-KJN<br><br>**ORDER** |

In instituting the present lawsuit, Plaintiff Enfinity Central Val Parlier LLC ("Plaintiff") seeks damages stemming from the alleged failure of Defendant City of Parlier ("Parlier" or "City") to make payments for electricity generated by a solar power system installed by Enfinity for Parlier. Parlier initially filed a Motion to Dismiss Plaintiff's complaint on grounds it failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] That motion urged dismissal on several grounds, including Plaintiff's purported failure to comply with the provisions of the California Government Claims Act by not timely presenting a claim to Parlier as a governmental entity, and by not permitting Parlier to reject that claim before filing suit. The City further claims that Silicon Ranch, to whom the subject Solar Energy Services

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

Agreement and Easement ("Agreement") had been transferred, could not enforce any rights under the Agreement on Plaintiff's behalf because it failed to succeed to Plaintiff's rights under the Agreement. By Memorandum and Order filed June 9, 2020, the Court denied the City's Motion to Dismiss in its entirety.

In the meantime, Plaintiff filed the motion now before this Court for adjudication: a request to file an amended complaint pursuant to Rule 15(a)(2). According to Plaintiff, events subsequent to the initial filing of its currently operative Complaint make amendment necessary. Specifically, according to Plaintiff, given the City's continued default under the terms of the Agreement it exercised its right under the Agreement by issuing a Formal Notice of Termination on December 18, 2019. Plaintiff claims that termination in that regard entitles it to a termination fee under the terms of the Agreement, among other related amounts. Because the City has refused to pay those contractually obligated items of damage, Plaintiff seeks to file an amended complaint including new allegations stemming from that alleged breach along with related amendments which detail how Plaintiff satisfied its notice requirements before asserting those new claims. According to Plaintiff, amendment in this regard is proper because, among other reasons, the pleadings are not yet at issue, discovery is only beginning and no unreasonable delay on Plaintiff's part in seeking amendment is present.

Rule 15(a), under which Plaintiff's motion is brought, provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The policy of favoring amendments to pleadings, as evinced by Rule 15(a), "should be applied with extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Once a district court has filed a pretrial scheduling order pursuant to Rule 16, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Here, the Court's Initial Scheduling Order was filed on August 20, 2019, (ECF No. 5). Even though that Order was filed just a day after that this lawsuit was originally commenced, it technically changes the applicable standard from the "extreme liberality" of Rule 15 to a more rigorous showing of "good cause" under Rule 16(b).

1 | Whether or not good cause has been demonstrated depends primarily upon the
diligence of the party seeking amendment. Johnson, 975 F.2d at 609.

Which standard to employ in assessing Plaintiff's current request is largely an academic one since Plaintiff obviously could not include allegations in its original Complaint that related to termination rights it exercised under the Agreement after this lawsuit was instituted. Indeed, in opposing Plaintiff's motion, the City's primary argument is that any request to amend is simply premature unless and until Plaintiff's lawsuit survived the City's Motion to Dismiss which was still pending when the current motion was filed. In that regard, citing the potential futility of an amendment should Plaintiff's entire case be dismissed, the City urged the Court to "defer a decision on this motion, which is premature, until after the [Motion to Dismiss] is ruled on. City's Opp., ECF No. 21; 2:3-4. Any argument that the current motion was made to soon, however, runs counter to Rule 16's directive that Plaintiff be diligent in pursuing amendment. Additionally, as Plaintiff points out, the City's claim that it had already terminated the Agreement because the solar facility in question had not been repaired and maintained properly requires the resolution of factual disputes not germane to whether amendment itself should be permitted.

Tellingly, correspondence from the City's own attorney Neal Costanzo, all but recognizes that amendment is now unquestionably proper, especially once its Motion to Dismiss failed. In a February 27, 2020 email to Plaintiff's counsel, Costanza states as follows:

> My opposition will only point out that the motion to amend is premature and that any right, or even need, to amend should be determined by the ruling on the motion to dismiss …. If [the Court] denies the motion to dismiss I would not have a problem stipulating to the amendment.

Supp. Decl. of Bao M. Vu, ECF No. 23-1, Ex. A.

///

///

///

3

1     For all these reasons, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 19) is hereby GRANTED.[2] Plaintiff is directed to file its proposed Amended Complaint, as attached as Exhibit B to the Declaration of Bao M. Vu, not later than ten (10) days after the date this Order is electronically filed.

    IT IS SO ORDERED.

Dated: May 14, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Having determined that oral argument was not of material assistance, the Court submitted this Motion on the briefing in accordance with E.D. Local Rule 230(g).

4